

## SECUREXCESS DECLARATIONS

**SUBJECT TO THE PROVISIONS OF THE UNDERLYING INSURANCE, THIS POLICY MAY ONLY APPLY TO CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. THE LIMITS OF LIABILITY AVAILABLE TO PAY DAMAGES OR SETTLEMENT AMOUNTS SHALL BE REDUCED AND MAY BE TOTALLY EXHAUSTED BY PAYMENT OF DEFENSE COSTS. PLEASE READ THIS POLICY CAREFULLY.**

| **COMPANY**: Axis Reinsurance Company | **POLICY NUMBER**: RNN 506300 |
|---|---|

| Item 1. **Policyholder**:<br>Refco, Inc.<br>550 West Jackson Boulevard<br>Suite 1300<br>Chicago, IL 60661 | Item 2. **Policy Period**:<br>a. Inception Date: August 11, 2005<br>b. Expiration Date: August 11, 2006<br><br>Both dates at 12:01 a.m. at the address listed in Item 1 |
|---|---|

| Item 3. Limits of Liability (inclusive of defense costs):<br>   a. Each **Claim**                                               $ 10,000,000<br>   b. Maximum aggregate Limit of Liability for all **Claim(s)**<br>      During the **Policy Period** of all **Insurance Products**     $ 10,000,000 |
|---|

| Item 4. **Underlying Insurance** and **Insurance Products**:   See Endorsement No. 1 |
|---|

| Item 5. Endorsements Attached at Inception: SE 1000, SE 1300, SE 0522, SE 1010, MU 1032, Manuscript #6 |
|---|

| Item 6. Notices to **Insurer**:<br>Notice of **Claim(s)** To Be Sent To:<br>Axis Financial Insurance Solutions Claims<br>Address: Connell Corporate Park<br>            Three Connell Drive<br>            P.O. Box 357<br>            Berkeley Heights, NJ 07922-0357 | All Other Notices To Be Sent To:<br>Axis Financial Insurance Solutions<br>Address: Connell Corporate Park<br>           Three Connell Drive<br>           P.O. Box 357<br>           Berkeley Heights, NJ 07922-0357 |
|---|---|

| Item 7. Pending and Prior Claim Date: 06/04/04 | Item. 8 Terrorism Coverage Premium:<br>$10,000 |
|---|---|

The Insurer has caused this Policy to be signed and attested by its authorized officers, but it shall not be valid unless also signed by another duly authorized representative of the Insurer.

_____            _____9/11/05_____
Authorized Representative                                                                Date


Secretary                                                                                    President

# SECUREXCESS POLICY

In consideration of the payment of the premium, and in reliance on all statements made in the application(s) for this Policy and the **Underlying Insurance** and all information provided to the **Insurer** and any or all of the **Underlying Insurers**, and subject to the provisions of this Policy, the **Insurer** and the **Policyholder**, on its own behalf and on behalf of all **Insureds**, agree as follows.

I. **INSURING AGREEMENT**

With respect to each **Insurance Product**, the **Insurer** shall provide the **Insureds** with insurance during the **Policy Period** excess of all applicable **Underlying Insurance**. Except as specifically set forth in the provisions of this Policy, the insurance afforded hereunder shall apply in conformance with the provisions of the applicable **Primary Policy** and, to the extent coverage is further limited or restricted thereby, to any other applicable **Underlying Insurance**. In no event shall this Policy grant broader coverage than would be provided by the most restrictive policy constituting part of the applicable **Underlying Insurance**.

The insurance afforded under this Policy shall apply only after all applicable **Underlying Insurance** with respect to an **Insurance Product** has been exhausted by actual payment under such **Underlying Insurance**, and shall only pay excess of any retention or deductible amounts provided in the **Primary Policy** and other exhausted **Underlying Insurance**.

II. **DEFINITIONS**

A. **Claim(s)** means the event(s) which take place during the **Policy Period** and which trigger(s) coverage under the insuring agreement(s) of the **Underlying Insurance**.

B. **Insurance Product** means each separate type of insurance identified as an "Insurance Product" in Endorsement No. 1 to this Policy.

C. **Insured(s)** means any person(s) or entity(ies) that may be entitled to coverage under the **Primary Policy** at its inception.

D. **Insurer** means the company identified as "**Insurer**" in the Declarations.

E. **Policy Period** means the period from the inception date to the expiration date of this Policy stated in Item 2. in the Declarations, or its earlier cancellation or termination date, if any.

F. **Policyholder** means the person(s) or entity(ies) identified in Item 1. in the Declarations.

G. **Primary Policy** means the specific policy identified as the "Primary Policy" under the applicable **Insurance Product** listed in Endorsement No. 1 to this Policy.

H. **Sublimit** means any **Underlying Limits** which:

1. applies only to a particular grant of coverage under such **Underlying Insurance**; and
2. reduces and is part of the otherwise applicable limits of liability of such **Underlying Insurance** set forth in Item 4 of the Declarations.

I. **Underlying Insurance** means each insurance policy which constitutes all or part of an **Insurance Product**, as scheduled in Endorsement No. 1 to this Policy.

J. **Underlying Insurers** means any or all of the companies who issued the policies of **Underlying Insurance**.

K. **Underlying Limits** means, with respect to each **Insurance Product**, an amount equal to the aggregate of all limits of liability for each **Insurance Product** stated in Endorsement No. 1 to this Policy, plus the

uninsured retention or deductible, if any, applicable to the **Primary Policy** under such **Insurance Product**.

### III. CONDITIONS OF COVERAGE

A.  For purposes of determining when insurance under this Policy shall attach and the limitations under which such insurance shall apply:

   1. All of the **Underlying Insurance** in effect as of the inception date of the **Policy Period** shall be maintained in full effect with solvent insurers throughout the **Policy Period** except for any reduction or exhaustion of the **Underlying Limits** as provided in Section IV. below; and

   2. All **Insureds** shall comply fully with all of the provisions of this Policy.

B.  As a condition precedent to coverage under this Policy, the **Insured** shall give to the **Insurer** as soon as practicable, but in no event later than thirty (30) days thereafter, written notice and the full particulars of i) the exhaustion of the aggregate limit of liability of any **Underlying Insurance**, ii) any **Underlying Insurance** not being maintained in full effect during the **Policy Period**, or iii) an **Underlying Insurer** becoming subject to a receivership, liquidation, dissolution, rehabilitation or similar proceeding or being taken over by any regulatory authority.

C.  If during the **Policy Period** the provisions of the **Primary Policy** are changed in any manner, as a condition precedent to coverage under this Policy, the **Insured** shall give written notice to the **Insurer** of the full particulars of such change as soon as practicable but in no event later than thirty (30) days following the effective date of such change. No amendment to any **Primary Policy** or **Underlying Insurance** during the **Policy Period** shall be effective in broadening or extending the coverage afforded by this Policy or extending or increasing the limits of liability afforded by this Policy unless the Insurer so agrees in writing. The Insurer may, in its sole discretion, condition its agreement to follow any changes to the **Primary Policy** or the **Underlying Insurance** on the **Insured** paying any additional premium required by the **Insurer** for such change.

   As soon as practicable, but in no event later than thirty (30) days thereafter, the **Policyholder** must give the **Insurer** written notice of any additional or return premiums charged or allowed in connection with any **Underlying Insurance**.

### IV. REDUCTION OR EXHAUSTION OF UNDERLYING LIMITS

A.  If the **Underlying Limits** are partially reduced solely due to actual payment under the **Underlying Insurance**, this Policy shall continue to apply as excess insurance over the remaining **Underlying Limits**.

B.  If the **Underlying Limits** are wholly exhausted solely due to actual payment under the **Underlying Insurance**, this Policy shall continue to apply as primary insurance with respect to the applicable **Insurance Product(s)** and the retention or deductible, if any, applicable under the **Primary Policy(ies)** shall apply under this Policy.

C   If any **Underlying Limits** are subject to a **Sublimit** then coverage hereunder shall not apply to any **Claim** which is subject to such **Sublimit**, provided however, that the **Underlying Limit** shall be recognized hereunder as depleted to the extent of any payment of such **Claim** subject to such **Sublimit**.

### V. LIMITS OF LIABILITY

A.  The amount stated in Item 3.a. in the Declarations shall be the maximum limit of the **Insurer's** liability for each **Claim** under the applicable **Primary Policy**, and shall be the maximum amount payable by the **Insurer** under this Policy for a single **Claim**, which amount shall be part of, and not in addition to, the amount stated in Item 3.b. in the Declarations.

B.  The amount stated in Item 3.b. in the Declarations shall be the maximum aggregate amount payable by the **Insurer** under this Policy with respect to all **Claims** during the **Policy Period** for all **Insurance Products**.

C.  This Policy does not provide coverage for any **Claim** not covered by the **Underlying Insurance**, and shall drop down only to the extent that payment is not made under the **Underlying Insurance** solely by reason of exhaustion of the **Underlying Insurance** through payments thereunder, and shall not drop down for any other reason. If any **Underlying Insurer** fails to make payments under such **Underlying Insurance** for any reason whatsoever, including without limitation the insolvency of such **Underlying Insurer**, then the **Insureds** shall be deemed to have retained any such amounts which are not so paid. If the **Underlying Insurance** is not so maintained, the **Insurer** shall not be liable under this Policy to a greater extent than it would have been had such **Underlying Insurance** been so maintained.

D.  Payment by the **Insurer** of any amount, including but not limited to defense costs, shall reduce the limits of liability available under this Policy.

## VI. SETTLEMENTS AND DEFENSE

A.  No **Insured** under this Policy may, without the **Insurer's** prior written consent, which consent shall not be unreasonably withheld, admit liability for or settle any matter for which insurance may be sought under this Policy.

B.  The **Insurer** may, at its sole discretion, elect to participate in the investigation, defense and/or settlement of any claim under this Policy, regardless of whether the applicable **Underlying Insurance** has been exhausted.

C.  The **Insured**, and not the **Insurer**, has the duty to defend all **Claims** under this Policy.

## VII. SUBROGATION

A.  In the event of payment under this Policy, the **Insurer** shall be subrogated to all rights of recovery of each and all **Insureds** against any person or organization, and the **Insureds** shall do whatever is necessary to secure those rights to the satisfaction of the **Insurer**, including the execution of such documents necessary to enable the **Insurer** effectively to bring suit in the name of such **Insureds**.

B.  Any amount recovered after payment under this Policy and any **Underlying Insurance** policies shall be apportioned among the Insurer and the **Underlying Insurers** net of the expense of such recovery in the reverse order of actual payment. The expenses attendant to such recovery shall be apportioned among those benefiting from the recovery in proportion to the amount of benefit to each party.

## VIII. AUTHORIZATION

Except as stated in paragraph IX.A. below, the **Policyholder** shall be the sole agent of all **Insureds** with respect to all matters, including but not limited to giving and receiving notices and other communications, effecting or accepting any endorsements to or notices of cancellation of this Policy, the payment of premium and the receipt of any return premiums.

## IX. NOTICE

A.  With respect to any **Claim**, situation that could give rise to a **Claim**, or other matter as to which insurance may be sought under this Policy, the **Policyholder** or any **Insured** must give the **Insurer** written notice contemporaneously with and in the identical manner required by the applicable **Primary Policy**.

B.  All notices under this Policy shall be sent to the **Insurer** at the address set forth in Item 6. in the Declarations.

### X. MODIFICATION, CANCELLATION AND NONRENEWAL

A. No modification of this Policy shall be effective unless made by endorsement signed by an authorized representative of the **Insurer**.

B. The **Policyholder** may cancel this Policy at any time by written notice stating when thereafter such cancellation is to be effective.

C. The **Insurer** may cancel this Policy only for nonpayment of premium, and only by delivering or mailing to the **Policyholder** written notice stating when, not less than ten (10) days thereafter, such cancellation shall become effective. The delivery or mailing of such notice shall be sufficient proof thereof and this Policy and the **Policy Period** shall terminate at the date and hour specified in the notice.

D. The **Insurer** shall refund the unearned premium, computed at the customary short rate, if the Policy is cancelled by the **Policyholder**.

E. The **Insurer** shall have no obligation to renew this Policy upon its expiration. If the **Insurer** decides not to renew this Policy, the **Insurer** shall provide written notice to the **Policyholder** by messenger, express delivery or first class mail at least sixty (60) days prior to the expiration of the Policy.

F. Notwithstanding anything to the contrary set forth elsewhere in the Policy, in the event that any **Underlying Insurance** is rescinded by agreement or legal process for fraud or other material misrepresentation by the **Policyholder** or any of the **Insureds**, then this Policy shall be deemed to be automatically and immediately rescinded, but only with respect to any **Insurance Product** containing such rescinded **Underlying Insurance**.

### XI. EXCLUSIONS

The **Insurer** shall not be liable for any amount in any **Claim** taking place during the **Policy Period** and arising under any **Insurance Product**, which is based upon, arising out of, directly or indirectly resulting from, in consequence of or in any way involving:

A. Any demand, suit or other proceeding pending, or order, decree or judgment entered, against any **Insured** on or prior to the Pending or Prior Claim Date set forth in Item 7 of the Declarations or any wrongful act, fact, circumstance or situation underlying or alleged therein; or

B. Any other wrongful act, fact, circumstance or situation whenever occurring, which together with a wrongful act, fact, circumstance or situation described in (a) above are causally or logically interrelated by a common nexus.

Endorsement No. 1

Effective date of this endorsement: 12:01 a.m. on: August 11, 2005
To be attached to and form part of Policy Number: RNN 506300
Issued to: Refco, Inc.
By: Axis Reinsurance Company

# SCHEDULE OF UNDERLYING INSURANCE AND INSURANCE PRODUCTS

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**SECUREXCESS POLICY**

The Schedule of **Underlying Insurance** and **Insurance Products** is as follows:

A. Insurance Product:   **Directors and Officers Liability**

1. Primary Policy

| Insurer | Policy Number | Limits | Policy Period |
|---------|---------------|--------|---------------|
| HCC | 24-MGU-05-A10821 | $10,000,000 | 08/11/05-08/11/06 |

2. Other Underlying Policies

| Insurer | Policy Number | Limits | Policy Period |
|---------|---------------|--------|---------------|
| Lexington | 1620924 | $7,500,000 | 08/11/05-08/11/06 |

All other provisions remain unchanged.

_____
Authorized Representative

_____9/11/05_____
Date

Endorsement No. 2

Effective date of this endorsement: 12:01 a.m. on: August 11, 2005
To be attached to and form part of Policy Number: RNN 506300
Issued to: Refco, Inc.
By: Axis Reinsurance Company

# IMPORTANT NOTICE TO ALL ILLINOIS POLICYHOLDERS

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

**SECUREXCESS POLICY**

In the event you need to contact someone about this Policy for any reason, please contact us at:

> Axis Reinsurance Company
> Connell Corporate Park
> Three Connell Drive
> P.O. Box 357
> Berkeley Heights, NJ 07922-0357
> Fax No.: 1 (908) 286-5600

If you have been unable to contact or obtain satisfaction from the Insurer, you may contact the Illinois Department of Insurance to obtain information or make a complaint at:

> Illinois Department of Insurance
> Consumer Division of Public
> Services Section
> Springfield, Illinois 62767

---

SE13 00 (Ed. 02 03)                    Page 1 of 1                    Printed in U.S.A.

Endorsement No. 3

Effective date of this endorsement: 12:01 a.m. on: August 11, 2005
To be attached to and form part of Policy Number: RNN 506300
Issued to: Refco, Inc.
By: Axis Reinsurance Company

# ILLINOIS AMENDATORY ENDORSEMENT

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**SECUREXCESS POLICY**

1. Section **X., MODIFICATION, CANCELLATION AND NONRENEWAL**, paragraph **C.** is amended by deleting the words "delivering or" in the first sentence and the words "delivery or" in the second sentence of that provision.

2. Section **X., MODIFICATION, CANCELLATION AND NONRENEWAL**, paragraph **F.** is deleted. Provided, however, the **Insureds** and the **Insurer** hereby agree that the **Insurer** shall have the same rights under law to rescission that it had if Section X. F. had not been included in the Policy or deleted by this endorsement.

All other provisions remain unchanged.

_____
Authorized Representative

9/11/05
_____
Date

SE 0522 (Ed. 0205)                                                                                      Printed in U.S.A.

Endorsement No. <u>4</u>

Effective date of this endorsement: 12:01 a.m. on<u>: August 11, 2005</u>
To be attached to and form part of Policy Number:<u> RNN 506300</u>
Issued to:<u> Refco, Inc.</u>
By:<u> Axis Reinsurance Company</u>

## PRIOR NOTICE EXCLUSION

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**SECUREXCESS POLICY**

In consideration of the premium charged, it is agreed that the **Insurer** shall not be liable for any amount from any **Claim** which is based upon, arising from, or attributable to or in consequence of any fact, circumstance or situation which has been the subject of any written notice given under any other policy of insurance.

All other provisions remain unchanged.

_____
Authorized Representative

_____8/11/05_____
Date

SE1010 0203

Endorsement No. <u>5</u>

Effective date of this endorsement: 12:01 a.m. on<u>: August 11, 2005</u>
To be attached to and form part of Policy Number:<u> RNN 506300</u>
Issued to:<u> Refco, Inc.</u>
By:<u> Axis Reinsurance Company</u>

# MANUSCRIPT APPLICATION ENDORSEMENT

# THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

**SECUREXCESS POLICY**

In consideration of the premium charged, it is agreed by the **Insurer** and **Insureds** that the application or proposal signed *February 8, 2005* and submitted to *Axis Reinsurance Company* on *U.S. Specialty Insurance Company's* form shall be accepted by the **Insurer** as the Application for this Policy.

Any and all references to an Application or application in this Policy shall mean the application or proposal described above.  The **Insurer** has relied upon all statements, warranties and other information and documents contained in or submitted with such other application or proposal as if they were submitted directly to **Insurer** using its own Application form.

All other provisions remain unchanged.

_____
Authorized Representative

_____ 9/11/05 _____
Date

MU1032 2/2003

Endorsement No. 6

Effective date of this endorsement: 12:01 a.m. on: August 11, 2005
To be attached to and form part of Policy Number: RNN 506300
Issued to: Refco, Inc.
By: Axis Reinsurance Company

**Knowledge Exclusion**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**SECUREXCESS POLICY**

In consideration of the premium charged, it is agreed that this Policy does not respond to **Claims** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any fact, circumstance, situation, transaction, or event, which as of the inception date of the **Policy Period**, any **Insured** had knowledge and had reason to suppose might give rise to a **Claim** that would fall within the scope of the insurance afforded by this Policy.

All other provisions remain unchanged.

_____
Authorized Representative

_____9/11/05_____
Date

Page 1 of 1